UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROBERT TREVINO,
    Plaintiff,

v.

THE STATE OF CALIFORNIA, et al.,
    Defendants.

Case No. 19-cv-08200-PJH

**ORDER OF DISMISSAL**

Re: Dkt. No. 4

Plaintiff, a state prisoner, has filed a petition for a writ of mandamus.

## DISCUSSION

### STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]

to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

**LEGAL CLAIMS**

Plaintiff seeks a writ of mandamus against a state court.

Federal district courts are without power to issue mandamus to direct state courts, state judicial officers, or other state officials in the performance of their duties. A petition for a writ of mandamus to compel a state court or official to take or refrain from some action is frivolous as a matter of law. *See Demos v. U.S. District Court*, 925 F.2d 1160, 1161-62 (9th Cir. 1991) (imposing no filing in forma pauperis order); *Clark v. Washington*, 366 F.2d 678, 681 (9th Cir. 1966) (attorney contested disbarment and sought reinstatement); *Dunlap v. Corbin*, 532 F. Supp. 183, 187 (D. Ariz. 1981) (plaintiff sought order from federal court directing state court to provide speedy trial), aff'd without opinion, 673 F.2d 1337 (9th Cir. 1982); *Newton v. Poindexter*, 578 F. Supp. 277, 279 (C.D. Cal. 1984) (§ 1361 has no application to state officers or employees); *see also In re Campbell*, 264 F.3d 730, 731-32 (7th Cir. 2001) (denying petition for writ of mandamus that would order state trial court to give petitioner access to certain trial transcripts which he sought in preparation for filing state post-conviction petition; federal court may not, as a general rule, issue mandamus to a state judicial officer to control or interfere with state court litigation).

Plaintiff seeks an order for this court to compel the Monterey County Superior

2

Court to grant mandamus relief in a state case regarding a file from the District Attorney's Office. Plaintiff states that his state court writ of mandamus was converted into a state habeas case that was also denied by the California Court of Appeal and California Supreme Court. As noted above a petition for a writ of mandamus to compel a state court to take some action is frivolous. Therefore, this case is dismissed. Because no amount of amendment would cure the deficiencies in this action the case is dismissed without leave to amend.

## CONCLUSION

1. Plaintiff's motion to proceed in forma pauperis (Docket No. 4) is **GRANTED**.
2. This action is **DISMISSED** with prejudice as frivolous. The clerk shall close this case.

**IT IS SO ORDERED.**

Dated: February 4, 2020

*/s/ Phyllis J. Hamilton*
PHYLLIS J. HAMILTON
United States District Judge